RECEIPT # 55/66
AMOUNT $ 150
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. m
DATE 4-9-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Deborah Carusi, )
)
Plaintiff, ) CIVIL ACTION NO.
)
vs. )
)
Randstad North America, )
) 04cv10715RGS
Defendant. )

COMPLAINT AND DEMAND FOR TRIAL BY JURY

MAGISTRATE JUDGE Collings

Jurisdiction

1. Jurisdiction of all Counts is conferred by 28 U.S.C. 1332, as there is a complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Jurisdiction of Counts I - II is further conferred by 28 U.S.C. 1331, as these Counts arise under the laws of the United States.

3. Jurisdiction of Count III is further conferred by pendent and/or supplemental jurisdiction pursuant to 28 U.S.C. 1367.

Parties

4. The Plaintiff, Deborah Carusi ("Carusi"), is a citizen of the Commonwealth of Massachusetts, Middlesex County.

5. The Defendant, Randstad North America ("Randstad"), a wholly owned subsidiary of Randstad Holding nv, is a foreign corporation with a principal place of business in Atlanta, GA.

## Factual Allegations

6. In or around April, 1999 Carusi commenced employment with Randstad, in the position of Staffing Associate, in its Chelmsford, MA offices. Randstad is a provider of temporary staffing services.

7. After several promotions and merit-based salary increases, Carusi was promoted to the position of Agent.

8. Carusi suffers from Severe Ulcerative Colitis, a qualifying disability under the Americans with Disabilities Act and Mass.G.L. c. 151B.

9. This condition substantially limits one or more of Carusi's major life activities, including her ability to control bowel movements and to work.

10. Despite her disability, Carusi was able to perform the essential functions of her position at Randstad with or without a reasonable accommodation.

11. On or about April 28, 2003, because of her medical condition, Carusi was forced to take a short-term disability leave from Randstad. This leave also qualified as leave under the Family Medical Leave Act.

12. Carusi and her doctor provided Randstad with all required paperwork concerning her medical condition and leave requirements.

13. On or about June 9, 2003, Carusi was contacted by her Supervisor, Kristin Hilliard, Regional Market Manager, and informed, for the first time, of alleged performance issues.

14. This communication from Hilliard came only hours after Hilliard learned that Carusi's doctor had listed her return to work date as uncertain.

15. Prior to this communication by Hilliard, Carusi had never received any type of written or

oral warnings or disciplinary actions, her performance evaluations had all met expectations, and, as set forth above, she had received several promotions and merit-based salary increases.

16. The above allegations concerning her performance were false and a pretext for unlawful discrimination and retaliation.

17. On or about June 30, 2003 Hilliard terminated Carusi's employment with Randstad.

18. Randstad's stated reasons for terminating Carusi's employment, performance issues, were false and a pretext for unlawful discrimination and retaliation.

19. The above acts and omissions of Randstad have directly and proximately caused Carusi to suffer lost income and diminished earning capacity, personal injury including emotional distress, and have otherwise damaged her.

### COUNT I
### The Americans With Disabilities Act
### 42 U.S.C. 12112a, et seq.

20. The Plaintiff adopts by reference all above allegations, and further alleges:

21. All conditions precedent regarding this Count have been complied with.

22. Carusi is a qualified individual with a disability under this section.

23. Randstad failed to reasonably accommodate Carusi's known disability and otherwise discriminated against her concerning benefits, terms and conditions of her employment on account of his disability.

24. In addition to the above discrimination, Carusi was subjected to retaliation by Randstad

for asserting rights under this section.

25. Randstad's above stated conduct was willful, malicious, in bad faith, outrageous and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Deborah Carusi, demands judgment against Randstad in an amount reasonably calculated to adequately compensate her for her injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

## COUNT II
### The Family and Medical Leave Act of 1993
### 29 U.S.C. 2601, et seq.

26. The Plaintiff adopts by reference all above allegations, and further alleges:

27. All conditions precedent to this Count, if any, have been complied with.

28. Carusi is an eligible employee, as defined by 29 U.S.C. § 2611.

29. Randstad is an employer, as defined by 29 U.S.C. § 2611.

30. The above described acts of Randstad, committed by and through its authorized agents and employees, interfered with, restrained or denied the exercise or attempted exercise by Carusi of rights protected by 29 U.S.C. 2601, et seq.

31. Carusi was additionally terminated for exercising rights under 29 U.S.C. 2601, et seq.

WHEREFORE, the Plaintiff, Deborah Carusi, demands judgment against Randstad in an amount reasonably calculated to adequately compensate her for her injuries, together with interest, reasonable attorney's fees, and the costs of this action.

## COUNT III
## Mass.G.L. c. 151B

32. The Plaintiff adopts by reference all above allegations, and further alleges:

33. All conditions precedent regarding this Count have been complied with.

34. The above described acts of discrimination against Carusi, on the basis of handicap, had the purpose or effect of injuring Carusi in the terms and conditions of her employment with Randstad.

35. Carusi is a qualified handicapped person under this section.

36. Randstad failed to reasonably accommodate Carusi's known handicap, and otherwise discriminated against Carusi concerning benefits, terms and conditions of her employment on account of her handicap.

37. In addition to the above discrimination, Carusi was subjected to retaliation by Randstad for asserting rights under this section.

38. Randstad's above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Deborah Carusi, demands judgment against Randstad in an amount reasonably calculated to adequately compensate her for her injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
Deborah Carusi
By her attorney,

Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, MA 02114
(617) 532-2666

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Deborah Carosi

## DEFENDANTS

Randstad North America

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paul F. Wood
Law Office of Paul F. Wood, P.C.
45 Bowdoin St
Boston, MA 02114  (617) 532-2666

ATTORNEYS (IF KNOWN)

04 CV 10715 RGS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC 12112 Amer. with Disabilities Act Discrim in Employment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  4/9/04

SIGNATURE OF ATTORNEY OF RECORD  /s/ _____

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Carosi v. Randstad__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.   195, 368, 400, 440, (441-444), 540, 555, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   _04cv10715RGS_

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __Boston Section__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:   YES ☐   NO ☐         OR WESTERN SECTION;   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Paul F. Wood__
ADDRESS __Law Office of Paul F. Wood P.C.__
         __45 Bowdoin Street__
         __Boston, Massachusetts 02114__
TELEPHONE NO. __617-532-2666__

(Categfrm.rev - 3/97)