UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CARUSI, <br><br> Plaintiff, <br><br> v. <br><br> RANDSTAD NORTH AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 04CV10715-RGS |

## ANSWER

Defendant Randstad North America, L.P. (hereinafter "Defendant" or "Randstad") hereby responds to the numbered paragraphs of the Complaint of Deborah Carusi (hereinafter "Plaintiff") as follows.

## JURISDICTION

1. Defendant admits that Plaintiff purports to place jurisdiction with this Court, but denies that Plaintiff is entitled to any recovery.

2. Defendant admits that Plaintiff purports to place jurisdiction with this Court, but denies that Plaintiff is entitled to any recovery.

3. Defendant admits that Plaintiff purports to place jurisdiction with this Court, but denies that Plaintiff is entitled to any recovery.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, those allegations stand denied.

5. Defendant admits that it is a Delaware Limited Partnership with its principal place of business in Atlanta, Georgia. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff worked as an Agent at the time of her discharge. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, those allegations stand denied.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, those allegations stand denied.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff was approved for short-term disability leave by Randstad's benefit provider effective April 28, 2003. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that during Plaintiff's disability leave, Randstad contacted Plaintiff to discuss Plaintiff's serious and ongoing performance issues. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT I

### (The Americans With Disabilities Act)

20. Defendant incorporates herein by reference its responses to Paragraphs 1 through 19 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

In response to the "WHEREFORE" Paragraph that follows Paragraph 25 of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## COUNT II

### (The Family And Medical Leave Act)

26. Defendant incorporates herein by reference its responses to Paragraphs 1 through 25 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains only legal conclusions that do not require a response; to the extent the Court deems otherwise, the allegations contained in Paragraph 28 of the Complaint are denied.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

In response to the "WHEREFORE" Paragraph that follows Paragraph 31 of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## COUNT III

### (Mass. G.L. c. 151B)

32. Defendant incorporates herein by reference its responses to Paragraphs 1 through 31 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

In response to the "WHEREFORE" Paragraph that follows Paragraph 38 of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel and unclean hands.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred because Defendant has acted lawfully and in good faith at all times relevant hereto, and has not violated any statutory or legal right of Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims under the American with Disabilities Act ("ADA") and Mass. G.L. c. 151B are barred to the extent Plaintiff failed to satisfy the applicable administrative and statutory prerequisites.

## SIXTH DEFENSE

Plaintiff's claims under the ADA and Mass. G.L. c. 151B are barred because Plaintiff has not yet received a Notice of Rights letter from the Equal Employment Opportunity Commission ("EEOC") or the Massachusetts Commission Against Discrimination ("MCAD") and are barred to the extent Plaintiff fails to file suit within 90 days of receiving a Notice of Rights letter from the EEOC or the MCAD.

## SEVENTH DEFENSE

Plaintiff's claims under the ADA and Mass. G.L. c. 151B are barred, and this Court lacks subject matter jurisdiction over those claims, to the extent they were not raised in a charge of discrimination timely filed with the EEOC or the MCAD and subject to investigation and conciliation by those agencies.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Defendant's treatment of Plaintiff was at all times based on factors other than Plaintiff's alleged disability, Plaintiff's use of leave under the Family and Medical Leave Act ("FMLA"), or her alleged engagement in a protected activity.

## NINTH DEFENSE

Plaintiff's claims are barred by Plaintiff's inability to establish causation and because the terms and conditions of Plaintiff's relationship with Defendant, if any, were based on reasonable, non-discriminatory factors.

## TENTH DEFENSE

Plaintiff's claims are barred because Plaintiff was not harmed in the manner or to the extent alleged.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to mitigate her alleged damages.

## TWELFTH DEFENSE

Plaintiff's claims are barred because Defendant had legitimate, nondiscriminatory reasons for its treatment of Plaintiff and because Plaintiff cannot demonstrate pretext.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to compensatory, punitive or liquidated damages because she is unable to show the willful violation of any statutory or legal right.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to an award of attorneys' fees, costs or expenses.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred to the extent she failed to serve her Complaint within the time allowed.

### SIXTEENTH DEFENSE

To the extent that an impermissible employment practice occurred (an allegation which Defendant denies), the same actions would have been taken in the absence of any impermissible motivating factor.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred because, to the extent any person affiliated with Defendant engaged in conduct contrary to the law, such conduct was outside the scope of that person's authority, was in direct contravention of Defendant's express policies, and occurred without the consent or ratification of Defendant.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff's employment was terminable at will.

### NINETEENTH DEFENSE

Plaintiff's retaliation claims are barred to the extent Plaintiff did not engage in any protected activity before the alleged adverse employment action occurred.

### TWENTIETH DEFENSE

Plaintiff's retaliation claims are barred because there was no causal connection between any alleged protected activity or FMLA leave and any alleged adverse employment action.

### TWENTY-FIRST DEFENSE

Plaintiff's ADA claim is barred to the extent Plaintiff does not have a "disability" as that term is defined by the ADA.

BOS\103727.1

### TWENTY-SECOND DEFENSE

Plaintiff's claim under Mass. G.L. c. 151B is barred to the extent Plaintiff does not have a "handicap" as that term is defined by the statute.

### TWENTY-THIRD DEFENSE

Plaintiff's ADA claim is barred to the extent Plaintiff is not a "qualified individual with a disability" as that phrase is defined by the ADA.

### TWENTY-FOURTH DEFENSE

Plaintiff's claim under Mass. G.L. c. 151B is barred to the extent Plaintiff is not a "qualified handicapped person" as that phrase is defined by the statute.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims under the ADA and Mass. G.L. c. 151B are barred because the criterion upon which Defendant based its termination of Plaintiff was job-related and consistent with business necessity.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims under the ADA and Mass. G.L. c. 151B are barred because Plaintiff never requested a reasonable accommodation for her alleged disability or handicap that was not provided by Defendant.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims under the ADA and Mass. G.L. c. 151B are barred because Defendant satisfied any duty it had to reasonably accommodate Plaintiff's alleged disability or handicap and because Plaintiff could not perform the essential functions of her job.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims under the ADA and Mass. G.L. c. 151B are barred to the extent that providing any additional accommodation(s) now requested by Plaintiff would constitute an undue hardship on Defendant.

## TWENTY-NINTH DEFENSE

Plaintiff's FMLA claims are barred to the extent Plaintiff did not have a "serious health condition," as that term is defined under the FMLA.

## THIRTIETH DEFENSE

Plaintiff's FMLA claims are barred to the extent Plaintiff received all of the leave to which she was entitled under the FMLA.

## THIRTY-FIRST DEFENSE

Plaintiff's FMLA claims are barred to the extent Plaintiff failed to provide proper or timely information (or notice) concerning the reasons for which leave was requested as required by the FMLA, including, but not limited to, certification from her health care provider as requested by Defendant.

## THIRTY-SECOND DEFENSE

Plaintiff's FMLA claims are barred to the extent Plaintiff failed to return to work or was unable to return to work upon her exhausting of her FMLA leave.

## THIRTY-THIRD DEFENSE

Plaintiff's FMLA claims are barred to the extent Plaintiff would not have been restored to her former position or to an equivalent position within the meaning of the FMLA regardless of whether she had taken leave under the FMLA.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred because, even if any alleged discrimination occurred (which Defendant denies), Defendant had a proven, effective and widely disseminated anti-discrimination policy that included mechanisms for reporting and resolving complaints of discrimination; Plaintiff failed to put Defendant on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative and/or corrective opportunities provided by Defendant, or to avoid harm otherwise, and failed to provide Defendant a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm; and Defendant was not and should not have been aware of the alleged misconduct.

### THIRTY-FIFTH DEFENSE

Plaintiff's discrimination claim fails because to the extent that any alleged discrimination occurred (an allegation which Defendant denies), Defendant took prompt corrective and remedial action.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred because Defendant has committed no act or omission with the intent to cause harm, injury or other damage to Plaintiff.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in part, by applicable statutory damage caps.

### THIRTY-EIGHTH DEFENSE

Defendant reserves the right to amend or assert additional affirmative defenses as facts are developed in the course of additional investigation and discovery.

## THIRTY-NINTH DEFENSE

Any allegations or prayers for relief set forth in Plaintiff's Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint with prejudice; enter judgment in favor of Defendant and against Plaintiff on all claims in Plaintiff's Complaint; deny all forms of relief requested in Plaintiff's Complaint; award Defendant all costs, expenses and attorneys' fees to the extent available under law; and order such other relief as the Court may deem just and proper.

Respectfully submitted,

RANDSTAD NORTH AMERICA, L.P.

By its attorneys

Bronwyn L. Roberts, BBO# 638079
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

and Co-Counsel
(to seek *pro hac vice* admission)
John S. Snelling
Georgia Bar No. 665759
James P. Ferguson, Jr.
Georgia Bar No. 258743
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA 30309
(404) 253-6900

Dated: May 19, 2004

BOS\103727.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2004, a true copy of the above document was served by first class mail upon the following attorneys of record:

    Paul F. Wood, Esq.
    45 Bowdoin Street
    Boston, MA  02114

                                           Bronwyn L. Roberts